OPINION
Defendant-appellant Calvin L. Brooks appeals the March 22, 1999 Judgment Entry of the Ashland County Court of Common Pleas sentencing him on trafficking in marihuana. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 7, 1998, the Ashland County Grand Jury indicted appellant on two counts of trafficking in marihuana in violation of R.C.2925.03(A), both felonies of the fifth degree. At his December 22, 1998 arraignment, appellant entered pleas of not guilty to each charge. On February 4, 1999, appellant withdrew his guilty pleas and entered a plea of guilty to one charge of trafficking in marihuana. The trial court dismissed the second charge. A sentencing hearing was held March 12, 1999. In a March 22, 1999 Judgment Entry, the trial court sentenced appellant to twelve months in prison. It is from that Judgment Entry appellant prosecutes this appeal. Although appellant does not specifically state the assignment of error in his brief, the first sentence of the argument portion of the brief states as follows: "The Trial Court erred, when it sentenced Defendant-Appellant to the maximum sentence allowable by law." We note appellee filed its brief outside of the time permitted by App. R. 18 and without leave of court. Accordingly, we will not consider appellee's brief.
 STANDARD OF REVIEW
We no longer review sentencing under an abuse of discretion standard. After the enactment of Senate Bill 2 in 1995, an appellate court's review of an appeal from a sentence was modified. R.C. 2953.08 provides, in pertinent part: (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * * (d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under the new guidelines. R.C.2953.08(F) sets forth the record this Court must review. (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
(2) The trial record in the case in which the sentence was imposed;
(3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
(4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
 I
In his sole assignment of error, appellant maintains the trial court erred in imposing the maximum sentence. We agree. R.C.2929.14(C) sets forth the conditions under which a trial court may impose a maximum sentence. It provides: (C) Except as provided in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
(Emphasis added).
We read this statute in the disjunctive. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed offender categories apply. We conclude the trial court did not conduct an analysis under 2929.14(C). After reviewing a presentence investigation report and the purposes of felony sentencing as set forth in R.C. 2929.11, the trial court analyzed appellant's conduct in light of R.C. 2929.12, making the following specific findings: Pursuant to Section 2929.12(B) of the Ohio Revised Code, the Court does not find any factors indicating that the Defendant's conduct is more serious than conduct normally constituting the offense. The Court finds the fact that the Defendant did not cause physical harm to any person or property as indicating that the Defendant's conduct is less serious than conduct normally constituting the offense.
The Court finds that there are no relevant factors indicating that the Defendant is not likely to commit future crimes.
Upon weighing the aforementioned recidivism factors, the Court further finds that the factors weigh more heavily in favor of recidivism.
The Court hereby finds that the Defendant is not amenable to community control sanctions.
In order to protect the public from future crime by the Defendant, to punish the Defendant and incapacitate him, to deter the Defendant and others from future crime and to rehabilitate the Defendant, the Court finds that a prison term is necessary in this case. In order to protect the public from future crime by the Defendant and so as not to demean the seriousness of the Defendant's conduct, the Court finds the maximum prison term allowable for this offense is appropriate and necessary.
It appears from the judgment entry, the trial court failed to conduct the analysis required in R.C. 2929.14(C). There is no indication the trial court considered whether appellant had the "greatest likelihood of committing future crimes." The trial court's finding the factors weigh more heavily in favor of recidivism is not equivalent to finding the higher standard of greatest likelihood of committing future crimes. The March 22, 1999 Judgment Entry specifically states appellant's conduct was no more serious than conduct normally constituting the offense, thereby precluding a determination appellant's conduct was one of "the worst forms of the offense."
Appellant's sole assignment of error is sustained. The March 22, 1999 Judgment Entry of the Ashland County Court of Common Pleas is hereby vacated. This matter is remanded to the trial court for resentencing consistent with this opinion and the law.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur